IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARWIN MICHAEL WILLIAMS,
     Plaintiff,

v.                                   Case No.: 3:19cv2918/LAC/EMT

ANDREW SAUL,
Commissioner of the
Social Security Administration,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff filed this action on August 2, 2019, pursuant to 42 U.S.C. § 405(g), seeking review of a final determination of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401–34, and supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381–83. The case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b) and NORTHERN DISTRICT OF FLORIDA LOCAL RULES 72.1(A), 72.2(D), and 72.3, relating to review of administrative determinations under the Act. The matter is currently before the court on Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (ECF

No. 12) and Plaintiff's response in opposition (ECF No. 14).[1]  Having considered

the motion and response, and the record as a whole, the undersigned finds the

Commissioner's motion should be granted.

I.     BACKGROUND

Plaintiff filed applications for DIB and SSI on March 7, 2016, alleging

disability beginning September 1, 2015 (ECF No. 1 at 2).[2]  The applications were

denied initially and on reconsideration, after which a hearing was held before an

Administrative Law Judge ("ALJ") (*id.*).  On September 26, 2018, the ALJ issued

a decision finding Plaintiff not disabled under the Act (ECF No. 12-1 at 8–16).

Plaintiff petitioned the Appeals Council for review of the ALJ's decision (ECF No.

1 at 6–7).  The Appeals Council denied the request and mailed notice of its

decision to Plaintiff and his counsel on April 16, 2019 (ECF No. 12-1 at 3, 21–24,

27).  The notice advised that Plaintiff had sixty (60) days from the date of receipt

of the notice to file a civil action and that the notice would be presumed received in

---

[1] As the court previously indicated (*see* ECF No. 15), because the parties submitted evidentiary materials, the court is treating the motion as one for summary judgment.

[2] The page references in this Report and Recommendation are to the page numbers assigned by the court's electronic docketing system.

Case No.: 3:19cv2918/LAC/EMT

five days unless Plaintiff demonstrated otherwise (ECF No. 12-1 at 23).  Plaintiff's

complaint thus was due to be filed on or before June 20, 2019.[3]

Plaintiff believed the attorney who had been representing him was preparing

the appeal and would timely file it.  Plaintiff spoke to the attorney on June 14,

2019.   Despite the fact the appeal was due in less than one week, Plaintiff

terminated his attorney that day "[d]ue to irreconcilable differences" (ECF No. 14

at 6).  Plaintiff initiated the appeal, pro se, seven weeks later by filing a complaint

on August 2, 2019 (ECF No. 1).  Plaintiff also filed a motion to proceed in forma

pauperis and a motion requesting to be allowed until August 29, 2019, to file a

complaint and retain counsel (ECF No. 3).  The undersigned granted Plaintiff's

motion to proceed in forma pauperis (ECF No. 5).  The undersigned also granted in

part Plaintiff's motion for an extension of time, allowing Plaintiff until August 29

to retain counsel (ECF No. 6).[4]   On August 29, counsel entered a notice of

appearance on Plaintiff's behalf (ECF No. 8).

---

[3] The Appeals Council notice also advised that if Plaintiff was unable to file a civil action within sixty days, he could request that the Appeals Council extend the time (*id.*).

[4] Because Plaintiff had already filed a complaint, his request for an extension of time within which to do so was moot.

The Commissioner has moved for summary judgment, arguing Plaintiff's complaint was not timely filed. Plaintiff acknowledges he filed the complaint after the June 20 deadline. He maintains, however, that he was under the impression until June 14 that his attorney was preparing the complaint and implies that he had insufficient time to do so after he terminated counsel. Plaintiff also states he has mental and physical disabilities that impeded his ability to timely file the complaint. Plaintiff urges the court to toll the sixty-day deadline based on "his misinformed belief that his prior counsel was preparing his defense and pursing a timely appeal in his case, coupled with his mental and physical disabilities" (ECF No. 14 at 8).[5]

## II.    DISCUSSION

### A.    Standard of Review

The court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of

---

[5] Plaintiff also argues the merits of his claims. The court need not address those arguments, however, because the only issue before the court is whether the complaint was timely filed.

Case No.: 3:19cv2918/LAC/EMT

material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An

issue of fact is "material" if it might affect the outcome of the case under the

governing law, and it is "genuine" if the record taken as a whole could lead a

rational fact finder to find for the non-moving party. *Id.* Summary judgment is not

appropriate "if a reasonable fact finder evaluating the evidence could draw more

than one inference from the facts, and if that inference introduces a genuine issue

of material fact." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir.

1995).

When assessing the sufficiency of the evidence, the court must view all the

evidence, and all factual inferences reasonably drawn therefrom, in the light most

favorable to the nonmoving party. *See Hairston v. Gainesville Sun Publ'g Co.*, 9

F.3d 913, 918 (11th Cir. 1993). A mere scintilla of evidence in support of the

nonmoving party's position will not suffice to demonstrate a genuine issue of

material fact and thereby preclude summary judgment. *Walker v. Darby*, 911 F.2d

1573, 1577 (11th Cir. 1990). Moreover, "the nonmoving party cannot create a

genuine issue of material fact through speculation, conjecture, or evidence that is

'merely colorable' or 'not significantly probative.'" *Vega v. Invsco Group, Ltd.*,

432 F. App'x 867, 869–70 (11th Cir. 2011). In other words, "a party opposing a

properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

### B.    Timeliness of Plaintiff's Complaint

Pursuant to 42 U.S.C. § 405(g), a claimant may obtain review of a decision of the Commissioner by commencing a civil action "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."[6]  42 U.S.C. § 405(g).[7]  The sixty-day statute of limitations is subject to the doctrine of equitable tolling and may be tolled upon a showing of "extraordinary circumstances."  *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007); *see also Bowen v. City of New York*, 476 U.S. 467, 480 (1986) (finding that "application of a traditional equitable tolling principle to the 60–day requirement of § 405(g) is fully consistent with the overall congressional purpose and is nowhere eschewed by Congress").  "'The doctrine of equitable tolling permits courts to deem filings timely where a litigant can show

---

[6] Plaintiff does not contend he requested an extension of time from the Commissioner, and the record confirms he did not.  *See* ECF No. 12-1 at 4.

[7] According to 20 C.F.R. § 404.901, notice is deemed received five days after the date on the notice unless the claimant shows otherwise.

that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way.'" *Jackson*, 506 F.3d at 1353 (*quoting Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (internal marks omitted)).

The Eleventh Circuit has "defined 'extraordinary circumstances' narrowly." *Jackson*, 506 F.3d at 1356. The "extraordinary circumstances" standard "may be met where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against h[im]." *Jackson*, 506 F.3d at 1353 (internal marks omitted). Affirmative misconduct typically is required; neither ignorance of the law nor negligence, for example, will suffice. *See id.* at 1354–56; *Christides v. Comm'r of Soc. Sec.*, 478 F. App'x 581, 584 (11th Cir. 2012) (holding neither claimant's "*pro se* status nor her apparent ignorance of the law, by themselves, constitutes extraordinary circumstances"); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (finding legal malpractice insufficient for equitable tolling); *Wakefield v. Railroad Retirement Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) (holding that "[i]gnorance of the law usually is not a factor that can warrant equitable tolling"); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95–96 (1990) (holding

"[t]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect").

Here, Plaintiff claims he was "misinformed as to the procedural aspects of whether his counsel at that time was preparing the proper pleadings to file a timely judicial appeal" (ECF No. 14 at 6). Plaintiff has wholly failed to substantiate his claim in that regard.[8] Plaintiff has not even specified the alleged inaccurate information or identified the individual from whom it allegedly came, much less provided evidence of either. Even if he had, the facts alleged suggest negligence, at best. Indeed, Plaintiff has not alleged—much less demonstrated—that anyone deliberately misinformed him. Plaintiff thus has not shown extraordinary circumstances stemming from the alleged misinformation regarding his appeal.

Plaintiff also has adduced no evidence that he made any effort to request an extension of time from the Appeals Council despite being aware of the deadline and having been advised by the Appeals Council that he could request an extension (*see* ECF No. 12-1 at 23). Had Plaintiff been granted an extension of time, his complaint could have been timely filed. Hence, Plaintiff also has failed to establish he diligently pursued his rights. *See Wade v. Battle*, 379 F.3d 1254, 1265

---

[8] "Once a defendant shows that the applicable statute of limitations bars the claim, the burden shifts to the plaintiff to demonstrate that an exception or tolling provision applies." *Blue Cross & Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1552 n.13 (11th Cir. 1990).

(11th Cir. 2004) (per curiam) (noting "[e]quitable tolling is an extraordinary remedy that is typically applied sparingly" but finding equitable tolling "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence") (emphasis in original) (internal marks omitted); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies . . . . We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.") (footnotes omitted).

Plaintiff's argument that his "debilitating mental and physical condition" prevented him from timely filing the appeal is similarly unavailing (ECF No. 14 at 8). Indeed, Plaintiff has pointed to no evidence of a "debilitating mental and physical condition," much less a mental or physical condition that rendered him unable to timely file his complaint. Plaintiff references an opinion rendered by Sweneda Berrian, a licensed mental health counselor, on October 19, 2018, that his "psychological and social impairments would prevent him from maintaining full time employment and that this has been so for quite some time." (ECF No. 14-1 at 5–6). He also references a letter from Dr. Miguel Gutierrez-Diaz stating he

"suffers from hypertension, gout, dyslipidemia and insomnia" and had been a patient since April 2002. (*Id.*). Neither opinion indicates in any way that Plaintiff had a "debilitating mental and physical condition" or suffered from any condition that would have impeded his ability to timely file his complaint. And, in fact, after terminating counsel, Plaintiff filed the complaint—and two motions—while proceeding pro se; he then retained counsel. There is no evidence in the record even suggesting that Plaintiff's failure to do so sooner was a result of a mental or physical condition. Plaintiff thus has not met his burden of demonstrating that equitable tolling is warranted based on his alleged mental and/or physical condition. *See, e.g., Stamper v. Duval Cty. Sch. Bd.*, 863 F.3d 1336, 1342 (11th Cir. 2017) (noting "mental incompetence can be an extraordinary circumstance that warrants equitable tolling if a plaintiff establish[es] a causal connection between his alleged mental incapacity and his ability to file a timely petition" and finding plaintiff "failed to establish a causal connection between her schizophrenia and her delay in filing a complaint" because, among other things, she acknowledged receiving a notice of rights to sue, calling an attorney hotline, and understanding the time limitations); *Arrington v. United Parcel Serv.*, 384 F. App'x 851, 852 (11th Cir. 2010) (affirming district court's decision that plaintiff "failed to show

sufficient diligence in his efforts to comply with the limitations periods" despite

the fact plaintiff was pro se and alleged he was unable to work due to "physical

and medical problems"); *Waller v. Comm'r of Soc. Sec.*, 168 F. App'x 919, 921–22

(11th Cir. 2006) (holding claimant failed to demonstrate he was unable to timely

file his complaint despite submitting an affidavit in which he stated he was unable

to act due to his mental illness where other evidence showed he requested an

extension of time, consulted an attorney and provided documents before the statute

of limitations expired, and the only professional evaluation of his condition was

conducted more than eight months prior to the date on which he received notice of

the Appeals Council's decision and revealed he had no limitation in the ability to

understand, remember, and carry out short simple instructions and only moderate

limitation with regard to detailed instructions); *Rhodes v. Philben*, No.

515CV00146MTTCHW, 2016 WL 4491867, at *2–3 (M.D. Ga. Apr. 8, 2016),

*report and recommendation adopted*, No. 5:15-CV-146 (MTT), 2016 WL 4492853

(M.D. Ga. Aug. 25, 2016) (noting that "one sufficiently exceptional circumstance

may be mental incapacity" but "[a] history of mental illness will . . . not entitle a

Petitioner to equitable tolling where a Petitioner has filed numerous other

proceedings" because "to be entitled to equitable tolling, Petitioner must

demonstrate a causal connection between his mental disability and his failure to comply with the limitations requirement"; in other words, a plaintiff "must show more than that it is difficult for him to understand and act upon his legal rights; rather he must show that he was incapable of preparing and filing a federal habeas petition or post-conviction motion any earlier than he did") (internal marks omitted).[9]

## III.    CONCLUSION

In sum, it is undisputed that Plaintiff did not timely file his complaint in this matter.    And Plaintiff has failed to demonstrate that he is entitled to equitable tolling.    The Commissioner's motion for summary judgment, therefore, should be granted.

Accordingly, it is respectfully **RECOMMENDED:**

---

[9] Plaintiff also contends that in granting his motion for additional time in which to retain counsel, the court extended the filing deadline.    Plaintiff's argument in that regard is wholly unavailing.    Indeed, the order makes clear the extension of time was granted *only* with respect to Plaintiff retaining counsel (*see* ECF No. 6).    Even if the order had been misleading, it could not have impacted the timeliness of Plaintiff's complaint considering the order was entered *after* Plaintiff filed the complaint.    And because Plaintiff had already filed a complaint, any subsequent complaint would have been construed as an amended complaint and thus would have had no impact on the commencement date or, hence, Plaintiff's compliance with the applicable statute of limitations. Moreover, contrary to Plaintiff's assertion, the Commissioner did not waive the timeliness issue in failing to object to the motion, particularly considering it was not clear what relief Plaintiff sought when requesting additional time to file a complaint.

Case No.: 3:19cv2918/LAC/EMT

1.     That the Commissioner's Motion to Dismiss or in the Alternative

Motion for Summary Judgment (ECF No. 12) be **GRANTED**.

2.     That judgment be entered accordingly and the clerk be directed to

close the file.

At Pensacola, Florida this  15th day of June 2020.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:19cv2918/LAC/EMT